**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2009

No. 09-60060
Summary Calendar

Charles R. Fulbruge III
Clerk

DAVID W HENNIS; CLARENCE D CHAPMAN

Plaintiffs - Appellants

v.

ALTER TRADING CORPORATION

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:08-CV-32

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiffs - Appellants David W. Hennis ("Hennis") and Clarence D. Chapman ("Chapman") (jointly, "Plaintiffs") filed suit against Defendant - Appellee Alter Trading Corporation ("Alter") alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. Alter filed a motion for summary judgment, which the district court granted. Plaintiffs now appeal. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As described by the district court, the factual and procedural background is as follows:

> Plaintiff Clarence D. Chapman began working as a truck driver for Ben Shemper & Sons in Hattiesburg, Mississippi, in 1983. One year later, Plaintiff David W. Hennis accepted a position as a truck driver for Ben Shemper & Sons. In 2007, [Alter] purchased Ben Shemper & Sons and hired Plaintiffs as drivers. At the time, Plaintiff Hennis was 48 years old, Plaintiff Chapman was 63 years old.
>
> Upon purchasing Ben Shemper & Sons, Alter implemented a system for tracking productivity by comparing a driver's actual time for hauling a load to the standard time for that delivery. Of the 130 loads Plaintiff Hennis delivered for Alter, only two of them were completed within the standard time allotted, and his total delivery time exceeded the standard time by over six hundred hours. Plaintiff Chapman failed to deliver any of the 115 loads he hauled for Alter within the standard time, exceeding the total standard time by more than four hundred hours. Plaintiffs do not dispute these figures, but contend that multiple-hour delays at their destinations often resulted in their deliveries taking longer than the standard time. Alter terminated Plaintiffs' employment for poor production, citing their failure to complete deliveries within the standard time.
>
> Believing that Alter had discriminated against them on account of age, Plaintiffs exhausted their administrative remedies and then filed this action asserting claims for age discrimination, wrongful termination and the tort of outrage. Alter moved for summary judgment in its favor pursuant to Federal Rule of Civil Procedure 56. In response to Alter's motion, Plaintiffs conceded their state law claims for wrongful termination and intentional infliction of emotional distress (outrage). Therefore, the sole claims before the [district court were] for discrimination in violation of the [ADEA].

*Hennis v. Alter Trading Corp.*, No. 3:08-CV-32, slip op. at 1-2 (S.D. Miss. Jan. 5, 2009).

The district court granted summary judgment in favor of Alter, finding that Plaintiffs failed to establish that Alter's stated reasons for terminating

Plaintiffs were "pretext" or that age was a motivating factor in Alter's decision to discharge Plaintiffs. Plaintiffs now appeal.

## II. ANALYSIS

### A. Standard of Review

We review a district court's grant of summary judgment *de novo*, "applying the same standard as did the district court." *Holtzclaw v. DSC Communs. Corp.*, 255 F.3d 254, 257 (5th Cir. 2001) (citation omitted). Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). We draw all reasonable inferences in favor of the nonmoving party, but "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation omitted). There is a genuine issue of material fact if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Holtzclaw*, 255 F.3d at 257.

### B. Discussion

Under the ADEA, it is "'unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual . . . because of such individual's age.'" *See EEOC v. Mississippi*, 837 F.2d 1398, 1399 (5th Cir. 1988) (quoting 29 U.S.C. § 623(a)(1)). Plaintiffs have not provided direct evidence of discrimination, therefore, their ADEA claims based on circumstantial evidence are analyzed under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See Sandstad v. CB Richard Ellis, Inc.* 309 F.3d 893, 896 (5th Cir. 2002).

Plaintiffs must first establish a prima facie case of discrimination. *See Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). Once Plaintiffs establish a prima facie case of discrimination, the burden shifts to Alter to

provide a legitimate, non-discriminatory reason for terminating Plaintiffs. *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005). "If [Alter] meets its burden, the presumption of discrimination created by [Plaintiffs'] prima facie case disappears and [Plaintiffs] must meet [their] ultimate burden of persuasion on the issue of intentional discrimination." *Id.* In other words, Plaintiffs must establish that Alter's legitimate, non-discriminatory reason is pretext. To meet their burden, Plaintiffs must demonstrate that Alter's legitimate, nondiscriminatory reason is not true, but is instead a pretext of discrimination. *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).

The district court assumed, without deciding, that Plaintiffs stated a prima facie case. The district court also found that Alter provided a legitimate, non-discriminatory reason for discharging Plaintiffs. Specifically, Alter stated that Plaintiffs were fired because they consistently failed to perform to the company's standards and took between two and three times longer to complete their deliveries than the other employees. We agree with the district court's determination that this qualifies as a legitimate, non-discriminatory reason for terminating Plaintiffs. The district court then found that Plaintiffs failed to establish that Alter's legitimate, non-discriminatory reason for terminating Plaintiffs was pretext. Because on appeal Plaintiffs focus solely on whether they successfully demonstrated that Alter's stated legitimate, non-discriminatory reason was a pretext for age discrimination, we turn directly to this claim.

Plaintiffs first argued that if Alter truly believed they had a performance problem that occurred over several months, Alter would have confronted them to determine what was causing the problem prior to terminating Plaintiffs. This is not evidence; it is speculation about how Alter would or should have conducted its business practices. It does not support the notion that Alter's stated reasons for terminating Plaintiffs are untrue.

Plaintiffs next argued that Alter erred in not looking at Plaintiffs' Department of Transportation logs to determine why their deliveries took longer than the average time. Instead, Alter looked at more generalized data to determine the time it took Plaintiffs to haul loads. Alter used the same standard for evaluating all drivers, and Plaintiffs performed well below average. We have previously held, however, that when determining whether pretext is established, "[o]ur inquiry is whether [Alter's] perception of [Plaintiffs'] performance, accurate or not, was the real reason for [their] termination." *Laxton v. Gap, Inc.*, 333 F.3d 572, 579 (5th Cir. 2003) (internal quotations and citations omitted). As the district court stated, "Plaintiffs have offered no evidence that the undisputed delivery delays were not the real reason for their discharge, instead challenging only the propriety of Alter's decision."

Plaintiffs then argued that a comment made by Ben Shemper ("Shemper"), the individual who fired both Plaintiffs, evidenced that Atler's legitimate, non-discriminatory reason was pretext. Shemper informed Hennis that he intended to "get rid of him" just prior to Alter taking over Ben Shemper & Sons. The comment, however, has nothing whatsoever to do with Hennis's age and gives no indication that Hennis was discriminated against due to his age. Furthermore, the comment does not suggest that Alter's stated reason for terminating Plaintiffs was false.

On appeal, Plaintiffs argues that the district court erred when it analyzed each of the above three claims separately.[1] They assert that the district court should have looked at how these arguments together could show pretext. Specifically, Plaintiffs argue that

---

[1] In Plaintiffs' reply brief, they state that the fact that Alter replaced them with younger workers, in conjunction with the three claims discussed above, evidences pretext. But this fact goes to whether Plaintiffs established a prima facie case of discrimination and is not relevant in determining pretext. *See See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004).

[w]hile Mr. Shemper's comments had no inference of age discrimination in them at the time, when they are considered with the fact that Alter did not look into why the delays were caused when the information was at its finger tips, this clearly shows that Alter was merely looking for a reason to terminate [Plaintiffs].

Looking at the facts in the light most favorable to Plaintiffs, the non-moving party, they still fail to establish pretext even when the above three arguments are considered together. Even if Alter was looking for a reason to terminate Plaintiffs, Plaintiffs have failed to establish that Alter's stated reasons for firing Plaintiffs were false and that is the burden Plaintiffs must meet. They have not met this burden, thus we AFFIRM.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.